JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA et al. | Case No. CV 15-00283-AB (PLAx) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO STATE COURT** |
| SEAN BRIDGEWATER et al., | |
| Defendants. | |

On January 14, 2015, Defendants Sean and Tamika Bridgewater, having been sued as tenant-Defendants in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court.  (Docket No. 1.)  For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction.

As a routine unlawful detainer action, Plaintiff Wells Fargo Bank NA could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper.  28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

First, under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or substantial question of federal law because unlawful

1

1    detainer "is purely a creature of California law."  *Wells Fargo Bank v. Lapeen*, 2011

2    WL 2194117 (N.D. Cal. June 6, 2011).  Defendants' reliance on the federal Fair Debt

3    Collection Practices Act ("FDCA"), 15 U.S.C. § 1692 *et seq*., is misplaced.  As stated

4    above, "[t]he presence or absence of federal-question jurisdiction is governed by the

5    'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

6    when a federal question is presented on the face of the plaintiff's properly pleaded

7    complaint."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)

8    (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "[T]he existence of a

9    defense based upon federal law is insufficient to support jurisdiction."  *Id*. (citing

10   *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern*

11   *California*, 463 U.S. 1, 10-12 (1983)).  In this case, the only cause of action alleged in

12   the complaint is for unlawful detainer under California law.  Defendants' anticipated

13   defense under the FDCA federal statute does not provide a basis for federal

14   jurisdiction.  *Cf. Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013)

15   (affirming dismissal of the complaint because the Protecting Tenants at Foreclosure

16   Act "does not create a private right of action allowing [plaintiff] to enforce its

17   requirements").[1]  "[I]t is now settled law that a case may not be removed to federal

18   court on the basis of a federal defense . . . even if the defense is anticipated in the

19   plaintiff's complaint, and even if both parties concede that the federal defense is the

20   only question truly at issue."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

21

22

---

23   [1] The Court also rejects Defendants' assertion that Plaintiff is a debt collector.
     The statute defines "debt collector" as "any person who uses any instrumentality of

24   interstate commerce or the mails in any business the principal purpose of which is the
     collection of any debts, or who regularly collects or attempts to collect, directly or

25   indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §

26   1692a(6).  Defendants make no allegation that Plaintiff fits within this definition, and
     according to the complaint, Plaintiff does not seek collection upon any debts owed to

27   it but has simply commenced an unlawful detainer action against Defendants with
     respect to their possession of the premises to which Plaintiff asserts ownership.

28

2.

1   Second, this unlawful detainer action does not give rise to diversity jurisdiction.

2   *See* 28 U.S.C. §§ 1332, 1441(b).  The underlying complaint states that the amount in

3   controversy does not exceed $10,000.  Moreover, removal on the basis of diversity

4   jurisdiction is not proper because Defendants reside in the forum state.  28 U.S.C.

5   § 1441(b).

6   Accordingly, the Court: (1) **REMANDS** this case to the Superior Court of

7   California, Ventura County, 800 So. Victoria Avenue, Ventura, California 93009, for

8   lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) **ORDERS** the

9   Clerk to send a certified copy of this Order to the state court; and (3) **ORDERS** the

10   Clerk to serve copies of this Order on the parties.

12   **IT IS SO ORDERED**.

14   Dated:  January 23, 2015     _____

15   HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

3.